Nott, J.
delivered the opinion of the Court.
The evidence in this case did not support the issue. The assumpsit was in March, 1793. The action was commenced in August, 1804, more than eleven years afterwards. The operation of the act was arrested by this promise, but it was *169 not indefinitely suspended. It re-cominenced its race from that period, and had run. its course nearly three times round, before the plaintiff prosecuted his claim; and although it is sometimes said that such a plea is not to be favoured, yet. in this case I am disposed to think it comports with the justice of the case. There appears to have been unsettled accounts' between the parties. It was doubtful on which side the balance would ultimately be. This was therefore a provisional undertaking to pay, in case it should happen to be in favour of the plaintiff’s testator. It is probable that he became satisfied there was no balance due him, for there is no evidence that he .ever made any demand afterwards. After his death, his executor, probably not having the same knowledge of the matter that he had, revived this dormant claim. But it was unquestionably barred by the statute. A new trial must be granted.
Bay, just. contra. This stipupleading a/™™
Bay, J.
In this case I differ from my brethren, • • _ __ . . • m the opinion delivered. 1 he question is, whether a man can make an engagement to renounce the benefit of the limitation act’or not ? I am of opinion he can. I hold it to be a fundamental maxim of the Common Law, that every man may renounce a right or benefit intended for himself, without prejudice to another. Quisquís potest renmciare- jure pro se introducto, as. every man may pursue a right, and prosecute it to effect; so he *170 may relinquish and give it up. The limitation act is founded on a presumption that the debt is Pa*^ °ff and discharged, and that vouchers and. evidences of payment aré liable to be lost or mislaid, or that the witnesses who could prove payment are dead or removed away; therefore the act prescribes that no suit shall be brought unless within' four years after the contract made, &c. This was evidently a benefit or advantage intended for defendants, in all civil actions, for demands under the degree of specialties. Is there any law which says a man may not renounce this benefit, if he pleases ? I conceive not. On the contrary, the Common Law expressly gives this right. All releases and discharges in law and equity, are founded on this right. A man who releases all causes of action, is for ever precluded from bringing a suit afterwards. So a contingency, a future accruing interest, may be released. The Civil Law agrees with the Common Law in this respect. By the Civil Law as well as by the Common Law, every man is free to contract and and free to let it alone. But if he does enter into a contract, such contract shall be a law to him, and he shall be bound by it.
In the present instance Mr. Parker was free to enter into this contract; there was no law to prevent him from doing so; and when he had entered into it, it became (agreeably to the Civil Law) a law to him in this particular instance, and I am of opinion he was bound by it. Besides, *171 good faith ought to he upheld between man and man; what was the intention of the parties? Can any man doubt it ? It was that he, Mr. Par-Jeer, and all claiming under him, should never take advantage of the limitation act on that particular contract. To suffer him, therefore, at this day to come in and plead the act, would he allowing him to violate his own express engagement, and to vitiate his own contract, contrary to the real intention of the parties, as well as to infringe a law or covenant he had made for himself. I am therefore against the new trial.
Winstanley and Drayton, for the motion.
Lance, Contra.